Felicia COLLINS, Plaintiff,

v.

**The SUFFOLK COUNTY POLICE DEPARTMENT and the County of Suffolk, Police Officer James Edmonds, Police Sgt. Linda Cicalese and Captain Raymond Peterson, Defendants.**

**No. CV 01–4194(ADS).**

United States District Court, E.D. New York.

Dec. 20, 2004.

Leeds, Morelli & Brown, P.C., Carle Park, NY (Rick Ostrove, Robert Valli, of Counsel), for Plaintiff.

Mulholland, Minion & Roe, Williston Park, NY (Ronald J. Morelli, of Counsel), for Defendants.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The plaintiff Felicia Collins ("Collins" or the "Plaintiff") brought this employment

discrimination action against the Suffolk County Police Department, the County of Suffolk and three police officers (collectively the "Defendants") alleging violations of Title VII, the New York Human Rights Law and 42 U.S.C § 1983 ("Section 1983").

Presently before the Court are the Plaintiff's post-trial motions for (1) injunctive relief in the form of: (a) the purging of documents containing negative comments about the Plaintiff from the Defendants' files; (b) a direction to the Defendants to refrain from further discriminatory/retaliatory conduct; and (c) a designation of the Plaintiff to a detective position with retroactive seniority, or alternatively, front pay; and (2) prejudgment interest.

## I.  BACKGROUND

This case was based on claims by Collins, a black Suffolk County police officer, of racial and gender discrimination, retaliation for making complaints of discrimination, and a hostile work environment. The Plaintiff alleged racial and gender discrimination and retaliation with regard to (1) the failure to promote her to detective, (2) the failure to transfer her to the narcotics unit, (3) her transfer from the Domestic Violence Section to the 6th Precinct, and (4) the filing of a disciplinary charge against her in October 2000.

A trial was held on all of the claims except for those arising under Section 1983 as that portion of the trial was bifurcated. On May 19, 2004, the jury returned a verdict in favor of all the Defendants in the federal and state racial and gender discrimination causes of action. However, the jury returned a verdict in favor of the Plaintiff on the federal and state retaliation claim as to all four adverse employment actions against the three individual defendants, Police Officer James Edmonds, Sergeant Linda Cicalese and Captain Raymond Peterson. The jury also found that Collins was subjected to a hostile work environment by the police officers and supervisors of the Suffolk County Police Department. In addition, the jury determined that the supervisory officers at the Suffolk County Police Department knew or should have known of the racial-gender-retaliatory based harassment and failed to implement prompt and appropriate corrective action. In this regard, the jury also found that all three individual defendants aided, encouraged or assisted in the commission of the hostile work environment.

As to damages, the jury made the following awards:

| | |
|---|---:|
| Emotional distress to May 19, 2004 for failure to promote, | $ 67,500 |
| Loss of back wages from 6/10/98 to 5/19/04 | 12,000 |
| Punitive damages against defendant James Edmonds | 75,000 |
| Punitive damages against defendant Linda Cicalese | 25,000 |
| Punitive damages against defendant Raymond Peterson | 50,000 |

In sum, the jury awarded the Plaintiff compensatory damages in the amount of $79,500 and punitive damages in the sum of $150,000.

Post-trial, the Plaintiff has moved (1) for attorney's fees; (2) for costs and expenses; (3) for injunctive relief in the form of: (a) the purging of documents containing negative comments about the Plaintiff from the Defendants' files, (b) a direction to the Defendants to refrain from further discriminatory/retaliatory conduct, and (c) a designation of the Plaintiff to a detective position with retroactive seniority, or alternatively, front pay; and (4) prejudgment interest. The parties have reached a settlement as to the attorney's fees, costs, and expenses leaving the motions for equitable relief and prejudgment interest for the Court to decide.

## II. DISCUSSION

### A. As to Equitable Relief

Title VII entitles individuals to be made "whole for injuries suffered on account of unlawful employment discrimination." *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418, 95 S.Ct. 2362, 2372, 45 L.Ed.2d 280 (1975). Courts have "full equitable powers" to place the injured party "as near as may be, in the situation he [or she] would have occupied if the wrong had not been committed." *Id.* at 418–19, 95 S.Ct. 2362 (internal quotation omitted); *see also Malarkey v. Texaco*, Inc., 983 F.2d 1204, 1214 (2d Cir.1993). The court must exercise this "broad equitable discretion ... in light of the large objectives of [Title VII]." *Gunby v. Pennsylvania Elec. Co.*, 840 F.2d 1108, 1122 (3d Cir.1988). This broad discretion should be used to "fashion the most complete relief possible for victims of discrimination." *Gibson v. American Broadcasting Co.*, 892 F.2d 1128, 1133 (2d Cir. 1989).

### 1. As to the purging of documents containing negative comments about the Plaintiff.

The plaintiff requests that the "Court order [the][d]efendants to purge, from their files, all negative comments which pertain to the plaintiff." Plf. Mem. in Sup. 20. In particular the plaintiff seeks the purging of the documents identified as Plaintiff's Trial Exhibits 16, 17, 18, 20, 21, 22, 23, 24, 25 and Defendant's Trial Exhibit C. Plfs. Reply Decl. ¶ 61. In opposing this request, the defendants argue that because "the proposed negative comments were not retaliatory in nature [they are] not in violation of Title VII." Defs. Mem. in Opp. 9.

Purging of personnel records is necessary to "preclude[ ] further retaliatory conduct by preventing any reliance on discriminatory evaluations and records."

*McIntosh v. Irving Trust Co.*, 873 F.Supp. 872, 880 (S.D.N.Y.1995) (After jury verdict finding that plaintiff was unlawfully terminated in retaliation for his complaints of discrimination, ordering defendant to "remove from its personnel files and any all reprimands, evaluations and other items of [discriminatory and retaliatory nature] dated from [the date upon which the plaintiff complained of discrimination]."); *see also Bruso v. United Airlines, Inc.*, 239 F.3d 848, 863, 864 (7th Cir., 2001) ("By refusing to expunge discriminatory or retaliatory discipline from a successful plaintiff's personnel file, a court may force the plaintiff to bear the brunt of h[er] employer's unlawful conduct for the rest of h[er] working career, which certainly contravenes the goal of making a plaintiff whole through equitable remedies.").

At the trial, the jury concluded that the plaintiff proved that the filing by the Police Department of a disciplinary charge against her in October 2000 was motivated by a retaliatory intent. *Collins v. Suffolk County Police Department, et al.*, Verdict Sheet # 14. Although the jury was not asked to make a specific finding as to each of the aforementioned documents, "when determining whether to grant equitable relief ... [t]he court may rely on all of the evidence adduced at trial and may draw all reasonable inferences therefrom." *E.E.O.C. v. General Lines, Inc.*, 865 F.2d 1555, 1562 (10th Cir.1989) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 574–75, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985)). In the Court's view, each of the documents that the Plaintiff seeks to purge is dated subsequent to the filing of the disciplinary charge and relates to the charge.

In order to preclude "further retaliatory conduct by preventing any reliance on discriminatory evaluations and rec-

ords," the Defendants are directed to purge from their personnel file the documents identified as Plaintiff's Trial Exhibits 16, 17, 18, 20, 21, 22, 23, 24, 25 and Defendant's Trial Exhibit C. *See Zerilli v. New York City Transit Authority*, 973 F.Supp. 311, 318 (E.D.N.Y.1997), *aff'd in part, vacated in part on other grounds*, 162 F.3d 1149, 1998 WL 642465 (2d Cir. 1998) (internal quotation omitted) (Ordering that the plaintiff's personnel file be purged of a retaliatory performance evaluation and other evaluations, comments, or notes because "[i]t was established at trial that [the plaintiff] was subjected not only to the retaliatory performance evaluation ... but also to negative written commentary by individuals who were found to have engaged in retaliatory and discriminatory conduct towards her."); *see also McIntosh v. Irving Trust Co.*, 873 F.Supp. 872, 880 (S.D.N.Y.1995); *Smith v. Secretary of the Navy*, 659 F.2d 1113, 1114 (D.C.Cir.1981) (prevailing Title VII plaintiff who was subject to discriminatory evaluations was entitled to have discriminatory records purged from the personnel file).

### 2. As to an injunction against further discriminatory / retaliatory conduct by the Defendants.

The Plaintiff requests that the Court enjoin the Defendants from engaging in further discrimination or retaliation. Subsequent to a finding of unlawful discrimination or retaliation, the "Court may enjoin [a] defendant from further unlawful practices if 'the moving party ... demonstrate[s] that there exists some cognizable danger of recurrent violations.' " *Aquilino v. Univ. of Kansas*, 109 F.Supp.2d 1319, 1322 (D.Kan.2000) (quoting *E.E.O.C. v. General Lines, Inc.*, 865 F.2d 1555, 1565 (10th Cir.1989) ("The likelihood of future violations is inferred from the totality of the circumstances, including the commission of past illegal conduct.")).

In support of her request for an injunction, the Plaintiff submitted an affidavit in which she states that "[p]rior to my trial, my visits to the police surgeon were uneventful and appeared to be routine. Following my trial, I began to experience a change in how I was treated, which I can only believe is retaliation." Plf. Aff. ¶ 22. The Plaintiff's affidavit details a dramatic change in the medical reports of the County's doctors regarding the plaintiff's ability to return to work after suffering a "line of duty" injury to her back and neck. The Court notes that the Defendants' opposition papers fail to address the validity of the Plaintiff's sworn statements with regard to these post-verdict events.

With regard to injunctions prohibiting future retaliation, it was stated by the Second Circuit in *Malarkey v. Texaco, Inc.*, 983 F.2d 1204, 1215 (2d Cir.1993), as follows:

> It hardly seems drastic to require [the defendant] to obey the law as set forth in the ADEA with respect to [the plaintiff]. It is difficult to discern what heavy burden the order places on the employer: it covers a single employee in a company employing nearly two thousand in its corporate headquarters alone. The injunction does not require [the defendant] to change employment practices, reorganize departments, or rewrite official procedures. Moreover, we do not regard it as superfluous to subject an employer found to have discriminated to the district court's contempt powers, were it to repeat its retaliatory conduct.

Although the Court anticipates that the defendants will follow the law and not engage in further discriminatory conduct, *see, e.g., E.E.O.C. v. General Lines, Inc.*, 865 F.2d at 1565 (10th Cir.1989) *Hayes v. Shalala*, 933 F.Supp 21, 27 (D.D.C.1996)

(the Court should not presume a defendant will violate the law in the future), to "err[ ] ... on the side of caution," *Malarkey v. Texaco, Inc.,* 983 F.2d 1204, 1215 (2nd Cir.1993), the Defendants are hereby enjoined from engaging in future acts of retaliation against the Plaintiff.

### 3. As to the designation of the plaintiff to a detective position with retroactive seniority, or, alternatively, an award of front pay.

With regard to prospective relief, Collins requests that she be designated a detective, retroactive to November 2000 with the salary and benefits that accompany that position. Alternatively, she requests that she receive front pay in the amount of $415,527.04. In opposition, the Defendants contend that because the Plaintiff is presently on sick leave due to a "line of duty" injury and has applied for early retirement, "it would be a travesty to designate the [P]laintiff a detective while she is in the process of applying to leave the police force." Defs. Aff. in Opp. at 15.

Promotion or reinstatement is preferable to an award of front pay because it "involves the least amount of uncertainty because, in effect, they reestablish the prior employment relationship between the parties and at the same time assure the plaintiff of employment free of discrimination ...." *Whittlesey v. Union Carbide Corp.,* 742 F.2d 724, 728 (2d Cir.1984); *see also Reiter v. Metropolitan Transportation Authority of New York, MTA,* No. 01 Civ. 2762, 2003 WL 22271223, at * 13 (S.D.N.Y. Sept. 30, 2003) ("Reinstatement is the favored form of relief in discrimination and retaliation cases."). In addition defendant employers "would have a more equitable result of receiving [a plaintiff's] services and compensating her therefor." *Shaw v. Greenwich Anesthesiology Assocs. P.C.,* 200 F.Supp.2d 110, 114 (D.Conn.

2002); *see also Rao v. N.Y. City Health & Hosps. Corp.,* 882 F.Supp. 321, 329 (S.D.N.Y.1995) (noting that reinstatement is preferred because it "serves the general purpose of making the plaintiff whole.").

However, "[r]einstatement is an equitable remedy which is to be exercised in the discretion of the district court." *Versarge v. Township of Clinton, N.J.,* 984 F.2d 1359, 1368 (3d Cir.1993). To determine whether a promotion is appropriate, the court "must weigh and balance all of the equities and circumstances in an attempt to determine if reinstatement is the appropriate remedy for that particular cause." *Frank v. Relin,* 851 F.Supp. 87, 92 (W.D.N.Y.1994).

With regard to the Plaintiff's request for "retroactive seniority," the Court notes that the jury awarded the plaintiff $12,000 in back pay which represents the "amount equal to the increased wages that she would have received from the Suffolk County Police Department had she been promoted to detective from June 10, 1998 until the date of the verdict [on May 19, 2004]." *See* Jury Charge at 122–123; *see also* Verdict Sheet ¶ 24 ("What amount of damages, if any, do you award to the plaintiff Felicia Collins for her loss of back wages from June 10, 1998 to the present date?"). Thus, in the Court's view, the jury's award of back pay, plus interest, makes the Plaintiff whole up to the date of the verdict for the Defendants' unlawful retaliatory conduct regarding her request to be promoted to the detective position. In addition, as set forth more fully below, the Plaintiff is entitled to the pro rata share of the $12,000 back pay award in the amount of $168.33 per month from May 19, 2004 to the date that the judgment is entered.

■ Turning to the question of whether the Plaintiff should be promoted to detective, the Court is faced with unique cir-

cumstances, namely, on October 12, 2003, after the unlawful denial of the Plaintiff's promotion, Collins suffered a "line of duty" injury as a result of a motor vehicle accident and is currently receiving full salary while out of work with a line of duty injury. In addition, it is uncertain when, if at all, the Plaintiff will return to work. Had the Plaintiff received the promotion prior to suffering her injury, the Plaintiff would currently be receiving a yearly salary approximately $12,000 greater per year than she is currently receiving because Suffolk County Police Officers receive full-salary while out of work due to a "line of duty" injury, Reply Decl. ¶ 55.

As stated above, the Defendants oppose the promotion of the Plaintiff to Detective while she is "not physically up to the task." Defs. Aff. in Opp. at 15. However, the Defendants apparently fail to realize that, but for their unlawful conduct, Collins would have been promoted to Detective prior to her becoming "not physically up to the task." The Defendants must "recognize that there is simply no exacting calculus that can be employed to pinpoint the correct remedy. Rather this is a process in which uncertainties are unclear." *Malarkey*, 983 F.2d at 1214. In that regard, as of the date that Judgment is entered in this case, the Plaintiff shall be promoted to Detective and compensated accordingly.

Because the Plaintiff will be promoted to Detective, the Court need not consider a front-pay award.

## B. As to Pre–Judgment Interest

As indicated above, the jury awarded the plaintiff $12,000 in back pay for the period of time from June 10, 1998 until May 19, 2004. In addition, the Plaintiff is entitled to the pro rata share of this award from May 20, 2004 to the date that judgment is entered.

The Plaintiff seeks pre-judgment interest on this award at the pre-judgment interest rate of 9% as set forth in Section 5004 of the New York Civil Practice Law and Rules ("N.Y.C.P.L.R.") because the back-pay award was made under both New York State and Federal law. The Court disagrees.

■ Although the decision whether to award pre-judgment interest and the rate to be applied is left to the discretion of the district court, *see Gierlinger v. Gleason*, 160 F.3d 858, 873 (2d Cir.1998), "to the extent ... that the damages awarded to the plaintiff represent compensation for lost wages, it is ordinarily an abuse of discretion not to include pre-judgment interest." *Sharkey v. Lasmo (AUL Ltd.)*, 214 F.3d 371, 375 (2d Cir.2000). Further, in cases where the judgment is based on violations of both state and federal law, it is common practice in the Second Circuit to apply the federal interest rate pursuant to 28 U.S.C. § 1961(a). *See, e.g., Greenway v. Buffalo Hilton Hotel*, 951 F.Supp. 1039, 1062–63 (W.D.N.Y.1997) (applying Section 1961(a) to interest on back pay award for violations under the Americans with Disabilities Act and the New York State Human Rights Law ("NYSHRL")); *McIntosh*, 873 F.Supp. at 883 (calculating pre-judgment interest for back pay award for unlawful retaliation under Title VII and NYSHRL in accordance with Section 1961(a)). Accordingly, the pre-judgment interest on the back pay award will be calculated at the current federal rate in accordance with 28 U.S.C. § 1961(a).

With regard to the methodology that should be used to calculate the award, the Court follows the approach used by the Court in *Robinson v. Instructional Systems, Inc.*, 80 F.Supp.2d 203, 208 (S.D.N.Y. 2000) (internal quotations and citations omitted):

First, the [backpay] award should be divided pro rata over the appropriate time period. Second, once the award is divided, the average annual United States treasury bill rate of interest referred to in 28 U.S.C. § 1961 will be applied. Third and finally, in order to guarantee complete compensation to the plaintiff, the interest will be compounded annually.

The Clerk of the Court is directed to use this methodology to calculate the interest on the back pay award of $12,000 from June 10, 1998 to May 19, 2004 and the pro rata share of this award from May 20, 2004 to the date that judgment is entered.

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the Plaintiffs motion for to purge the Defendant's files of Plaintiff's Trial Exhibits 16, 17, 18, 20, 21, 22, 23, 24, 25 and Defendant's Trial Exhibit C is GRANTED; and it is further

**ORDERED,** that the Plaintiff's motion for an injunction preventing the Defendants from engaging in future acts of retaliation against the Plaintiff is **GRANTED;** and it is further

ORDERED, that the Plaintiff's motion for a Plaintiff to be retroactively promoted to a detective position with retroactive seniority is **DENIED;** and it is further

**ORDERED,** that the Plaintiff shall be promoted to the Detective position upon entry of judgment; and it is further

**ORDERED,** that the Clerk of the Court is directed to award pre-judgment interest using the methodology set forth in Section II(B) above on the back pay award of $12,000 from June 10, 1998 to May 19, 2004 and the pro rata share of this award from May 20, 2004 to the date that judgment is entered; and it is further

**ORDERED,** that the Clerk of the Court is directed to enter judgment in favor of the Plaintiff Felicia Collins and against the Defendants The Suffolk County Police Department, the County of Suffolk in the amount of $79,500 in compensatory damages and the pro rata share of the $12,000 back pay award from May 20, 2004 to the date that judgment is entered in addition to prejudgment interest on the back pay award; and it is further

**ORDERED,** that the Clerk of the Court is directed to enter judgment in favor of the Plaintiff and against the Defendant James Edmonds for punitive damages in the amount of $75,000; against the Defendant Linda Cicalese for punitive damages in the amount of $25,000; and against the Defendant Raymond Peterson for punitive damages in the amount of $50,000; and it is further

**ORDERED,** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**